## Moose Home Association Charter.

*Corporations—Charters of the first class—Restriction as to sale of liquors.*

Where the petitioners for a charter for a corporation of the first class make it appear to the court that they do not desire or intend that intoxicating liquors shall be furnished or permitted on the premises of the corporation, and the court in granting the charter inserts a restrictive stipulation as to intoxicating liquors, the court cannot subsequently be convicted of an abuse of discretion in refusing to strike such stipulation from the charter.

Argued Jan. 30, 1912. Appeal No. 11, Jan. T., 1912, by George Gane and Marvin E. Reynolds, on behalf of the incorporators, from order of C. P. Montgomery Co., refusing to eliminate restrictive stipulation In re incorporation of Moose Home Association of Bryn Mawr. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Petition to eliminate restrictive stipulation in a charter, representing that the petitioners composed a majority of the members of the association.

The court in banc filed the following opinion:

Our decree of incorporation contained a proviso that no intoxicating liquors should be sold, furnished or distributed on the premises of the association. This stipulation was made a part of our decree because the president, vice president and treasurer signed a paper indicating that it was the desire of the said home that no intoxicating liquors should be dispensed upon the premises of the association.

We are now asked to eliminate the provision in our decree relating to intoxicating liquors. It is contended that the officers of the association had no authority to file a stipulation against the use of liquors on the premises.

We referred the original application to an examiner and submitted to him the following inquiry:

"Does the proposed corporation intend to dispose of, distribute or otherwise furnish intoxicating liquors to its members?"

He took the testimony of ten witnesses called by the petitioners. Each and every one declared he was opposed to any distribution or sale of intoxicating liquors on the premises. They also intimated that the association, so far as they were able to determine, would not countenance the sale or distribution of liquors by the home. They offered a poster that was displayed by the house committee which reads as follows: "Any member found bringing liquor into the home shall be fined the sum of five dollars and be debarred from all privilege until the same is paid." The examiner attached to his report as an exhibit one of these posters.

It is evident that the court granted the charter, incorporating the provision against intoxicating liquors, in accordance with the expressed desire of the petitioners. If the evidence submitted to the examiner did not express the sentiment of the petitioners, why was it not opposed by some one?

We were bound to assume that this testimony was furnished by the applicants for the charter to guide us in formulating our decree. If we eliminate the proviso against intoxicating liquors, we will disregard the declared wishes of certain incorporators, without affording ing them a hearing. We find no justification for any interference with the decree already entered and now on file. The application is refused.

*Error assigned* was the order of the court.

*Irvin P. Knipe,* with him *Irving P. Wanger,* for appellants.

No printed brief nor argument for appellee.

Per Curiam, March 18, 1912:

When a record is brought before us upon certiorari, the scope of our inquiry is to determine by an inspection of the record, whether the power of the court has been exceeded or whether there has been an abuse of discretion. The corporation chartered is not here complaining of the restrictions imposed. But waiving the question of the right of the appellants to be heard, it is evident, as stated in the opinion of the learned judges of the common pleas, that the petitioners for a charter were granted what they asked for.

The order is affirmed at the cost of the appellants.